# United States District Court, Northern District of Illinois

JS6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50559 | **DATE** | 11/23/2004 |
| **CASE TITLE** | Markgraff vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse memorandum opinion and order, the court accepts the report and recommendation of the magistrate judge, grants summary judgment in favor of defendant, denies summary judgment to plaintiff, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 11-24-04 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 11-23-04 date mailed notice | |
| LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Terry Markgraff, filed a timely written objection to the report and recommendation of the magistrate judge that granted summary judgment to defendant, the Commissioner of Social Security (Commissioner), denied summary judgment to plaintiff, and affirmed a ruling by the ALJ awarding plaintiff disability insurance benefits as of September 10, 2002, but denying him such benefits prior to September 10, 2002. Plaintiff raises the following objections to the report and recommendation: (1) the magistrate judge failed to follow established law in his application of the step four determination; (2) the ALJ failed to give proper weight to the treating physician's opinion that plaintiff suffered from fatigue prior to September 10, 2002; (3) the magistrate judge failed to address the issue of whether the ALJ's credibility determination was erroneous; and (4) there were erroneous hypotheticals presented to the vocational expert.

Upon a timely objection by a party, this court shall make a de novo determination based on the record of any portion of a magistrate judge's disposition to which a specific written objection is made. Fed. R. Civ. P. 72(b); Willis v. Caterpillar, Inc., 199 F. 3d 902, 904 (7th Cir. 1999).

As for review of a final decision of the Commissioner(such as occurred in this case), the court must affirm the ALJ's findings as long as they are supported by substantial evidence. Blakes v. Barnhart, 331 F. 3d 565, 568 (7th Cir. 2003). The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. Blakes, 331 F. 3d at 568. The court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ to decide whether a claimant is disabled. Blakes, 331 F. 3d 568. A review of the substantiality of the evidence takes into account both the evidence favoring the claim as well as the evidence supporting its rejection. Blakes, 331 F. 3d at 568.

In this case, as to plaintiff's first two objections, the court has reviewed the report and recommendation as well as the entire record. The court finds that the magistrate judge committed no error, either factual or legal, in upholding the decision of the ALJ. There is clearly substantial evidence supporting the ALJ's conclusion that plaintiff was not disabled prior to September 10, 2002.

As for the third contention (not decided by the magistrate judge), the court finds the ALJ's credibility determination to be supported by substantial evidence. This is especially so in light of the special deference afforded an ALJ's credibility determinations. See Rice v. Barnhart, 384 F. 3d 363, 371 (7th Cir. 2004).

Lastly, the court finds no error in the hypotheticals presented to the vocational record as they were supported by the record. Further, it was those same hypotheticals that provided, in part, a basis for the ALJ's finding of disability from September 10, 2002, forward, a determination obviously accepted by plaintiff.

For the foregoing reasons, the court accepts the report and recommendation of the magistrate judge granting summary judgment to defendant, denying summary judgment to plaintiff, and affirming the final determination as to plaintiff's disability.